FILED
OCT 2 4 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. S1-4:19-cr-00855-JAR-DDN |
| v. ) | |
| ) | |
| REBEKKAH JERREAH JOHNSON, ) | |
| ) | |
| Defendant. ) | |

### SUPERSEDING INDICTMENT

The Grand Jury charges that:

### COUNT 1
### Obtaining Controlled Substance by Fraud, Deception, or Subterfuge
### Title 21, United States Code, Section 843(a)(3)

### BACKGROUND

1. At all relevant times, the defendant Rebekkah Jerreah Johnson was a licensed pharmacist in Missouri.

2. From on or about November 26, 2016 until on or about May 1, 2019, the defendant was employed as a pharmacist by CVS Pharmacy and worked the night shift at the CVS Pharmacy in Clayton, Missouri.

3. Certain prescription drugs are defined by federal and state law as controlled substances, which are drugs that have some potential for abuse or dependence. Controlled substances are placed into one of five schedules, based on the potential for abuse and the severity of the effects if a person abuses the drug. Of the controlled drugs that can legally be prescribed, Schedule II drugs have the highest potential for abuse because of the risks of severe

1

psychological or physical dependence. Methylphyphenidate ER, Vyvanse, and Dextroamphetamine-amphetamine ER are Schedule II controlled substances.

4. During the relevant time period, CVS kept an electronic perpetual inventory of controlled substances and regularly conducted proactive audits to ensure that controlled substances were properly stored, accounted for, and dispensed. Prescriptions that are not picked up by patients are returned to stock. The system automatically prints a new label that is placed on the bottle containing the returned-to-stock drugs and adds the quantity of the returned-to-stock drugs into the perpetual inventory.

5. From about November 2016 until about May 2019, Johnson devised a scheme to obtain by fraud and misrepresentation controlled substance drugs and thereafter to conceal the theft of the drugs. During this period, CVS had a drive-through window that patients could use to pick up their prescription drugs. On some occasions, Johnson placed controlled substance medications and other items in the drive-through chute and later went outside and retrieved the drugs and other items from the drive-through chute.

6. As an example of the above, on or about April 16, 2019, the defendant was observed on camera placing $300 cash, false eyelashes, and Bimatoprost ophthalmic solution into the chute and later retrieving the items from the CVS pharmacy. Bimatoprost is a prescription drug, which increases the length of eyelashes.

7. From on or about April 10, 2019 to on or about April 12, 2019, within the Eastern District of Missouri,

**REBEKKAH JERREAH JOHNSON,**

2

the defendant herein, did knowingly and intentionally acquire and obtain possession of a controlled substance, to wit:  Methylphyphenidate ER, Vyvanse, and Dextroamphetamine-amphetamine, Schedule II controlled substances, by misrepresentation, fraud, forgery, deception, and subterfuge.

All in violation of Title 21, United States Code, Section 843(a)(3).

A TRUE BILL.

_____
FOREPERSON

JEFFREY B. JENSEN
United States Attorney


_____
DOROTHY L. McMURTRY, #37727MO
Assistant United States Attorney